IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius Andrew Reason, III, #12550-104, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden Janson, ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No. 4:23-1894-BHH <br><br> **ORDER** |

This matter is before the Court upon Julius Andrew Reason III's ("Petitioner") pro se petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On May 11, 2023, Magistrate Judge Thomas E. Rogers III issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss the petition without prejudice and without requiring Respondent to file a return. After being granted an extension of time, Petitioner filed objections to the Magistrate Judge's Report on July 17, 2023. (ECF No. 21.) Subsequently, on August 14, 2023, Petitioner filed a "motion to dismiss and preserve 2241 motion." (ECF No. 23.)

**BACKGROUND**

After pleading guilty in 2017 to two counts for conspiracies involving Dibutylone HCl, Petitioner was sentenced to two concurrent sentences of 235 months of imprisonment and three years of supervised release. *United States v. Reason*, No. 2:16-cr-14002-RLR (ECF No. 261). Petitioner filed a direct appeal, and in 2018, the Eleventh Circuit Court of Appeals affirmed. In 2019, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, raising

arguments concerning *United States v. Phifer*, 909 F.3d 372 (2018).  However, the § 2255 court found that *Phifer* was not retroactively applicable and did not entitle Petitioner to relief. *Reason v. United States*, 2:19-cv-14168-RLR (ECF Nos. 44, 53).

In the instant § 2241 petition, Petitioner asserts that he is actually innocent of a federal crime, again relying on *Phifer*, 909 F.3d 372.  After reviewing the instant petition, however, the Magistrate Judge found that it is subject to summary dismissal because Petitioner fails to satisfy the § 2255 savings clause.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## **DISCUSSION**

As the Magistrate Judge explained in the Report, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."  *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the

detention.[1]  *In re Vial*, 115 F.3d at 1194.  Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ."  *Id.* at n. 5.

The Fourth Circuit has explained that to meet the savings clause under § 2255 and proceed under § 2241 when contesting the underlying validity of a criminal conviction, a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed to be non-criminal; and (3) the prisoner is unable to meet the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), 226 F.3d at 333-34.

Here, after reviewing the record and the applicable law, the Court agrees with the Magistrate Judge that Petitioner's allegations do not satisfy the *In re Jones* test because the test requires a change in substantive law subsequent to a § 2255 motion.  Importantly, *Phifer* was decided in 2018, before Petitioner's § 2255 motion in 2019.  Furthermore, Petitioner's § 2255 motion actually addressed *Phifer*.  Lastly, the Court finds no merit to Petitioner's objections, which merely reiterate his arguments but do not show how his

---

[1] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

allegations satisfy the savings clause.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 9) is **adopted and specifically incorporated herein**; Petitioner's objections (ECF No. 21) are **overruled**; and this matter is dismissed for lack of jurisdiction, without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 20, 2023
Charleston, South Carolina